**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
JAMES MONROE,                       :
                                    :  Civil Action No. 07-4594 (FLW)
            Petitioner,             :
                                    :
      v.                            :       **O P I N I O N**
                                    :
DONALD MEE, et al.,                 :
                                    :
            Respondents.            :
_____:


**APPEARANCES:**

    JAMES MONROE, #49016
    Petitioner Pro Se
    Trenton State Prison
    Trenton, New Jersey  08608


**Freda L. Wolfson, District Judge**

    Petitioner JAMES MONROE (hereinafter "Petitioner"), currently confined at Trenton State Prison, Trenton, New Jersey, filed a pro se petition seeking a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 (hereinafter "Petition"), and submitted due application to proceed in forma pauperis.

**BACKGROUND**

Petitioner was convicted for murder and sentenced to a life sentence by the Superior Court of New Jersey, Mercer Couty, Law Division, on in January of 1971. See Pet. §§ 1-4. The Petition indicates that Petitioner (a) wished to appeal his conviction, as well as was interested in a collateral state review, but (b) believes that his direct appeal, same as his application for post-conviction relief, was never filed with--or never addressed by--the state courts.[1] See id. §§ 9, 11. In addition, the Petition indicates that the grounds that Petitioner did raise (or wished to raise) in his direct appeal and/or his application for collateral review consisted of three grounds, namely (a) violation of Petitioner's rights under the Thirteenth Amendment

---

[1] This Court's own inquiry indicates that Petitioner's direct appeal might have reached and been duly addressed by the state courts. For instance, it appears that, Petitioner's direct appeal to the Superior Court of New Jersey, Appellate Division might have resulted in the Appellate Division's affirmation of his conviction and sentence, and a denial of certification by the Supreme Court of New Jersey on September 21, 1971. See State v. Monroe, 59 N.J. 272 (1971). Alternatively, it might be that Petitioner's direct appeal resulted in the Supreme Court of New Jersey denying Petitioner certification on September 2, 1981. See State v. Monroe, 88 N.J. 463 (1981). However, since this Court also detected a denial of certification to Petitioner by the Supreme Court of New Jersey on October 7, 1970, see State v. Monroe, 57 N.J. 133 (1970), i.e., on the date allegedly preceding Petitioner's conviction challenged in the case at bar, the Court presumes that Petitioner's direct appeal and/or his application for collateral review has not been entertained by the state courts, and the above-cited actions represent Petitioner's challenges with respect to Petitioner's other offenses.

manifested in the "prison administration['s decision to keep Petitioner] in lockup 35 years," (b) violation of Petitioner's rights under the Double Jeopardy Clause of the Fifth Amendment (through unexplained means), and (c) violation of Petitioner's Eighth Amendment rights in view of Petitioner being subjected to cruel and unusual punishment (through unexplained means).  See id. § 11(e).

On September 24, 2007, Petitioner filed his instant Petition with this Court asserting that his public defender "failed to bring [a] witness" to testify for Petitioner.  Id. §§ 12(A), 15. Although Petitioner does not specify which Petitioner's rights were allegedly violated by this action, the Court surmises that Petitioner is attempting to allege a violation of his Sixth Amendment rights.

### DISCUSSION

Prior to examining Petitioner's application on merits, this Court shall determine whether Petitioner's challenges have been duly exhausted in the state courts, and also whether these challenges are time-barred.  See Long v. Wilson, 393 F.3d 390, 402-03 (3d Cir. 2004) (stating that a court may examine an application for a writ of habeas corpus sua sponte and citing Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); Herbst v. Cook, 260 F.3d 1039, 1042 & n.3 (9th Cir. 2001); Acosta v. Artuz,

221 F.3d 117, 123 (2d Cir. 2000); Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999)).

**A.     Exhaustion Requirement**

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective. . . ."  28 U.S.C. § 2254(b)(1); Rose v. Lundy, 455 U.S. 509, 515 (1982); Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993); Duarte v. Hershberger, 947 F. Supp. 146 (D.N.J. 1996); see also Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").  The courts of a state must be afforded an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Wilwording v. Swenson, 404 U.S. 249, 250 (1971); Picard v. Connor, 404 U.S. 270, 275 (1971); Evans v. Court of Common Pleas, Del. Cty., Pa., 959 F.2d 1227, 1230 (3d Cir. 1992), cert. dismissed, 506 U.S. 1089 (1993). Exhaustion is not a jurisdictional requirement; rather, it is designed to allow state courts the first

opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  See Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18; Evans, 959 F.2d at 1230; O'Halloran v. Ryan, 835 F.2d 506, 509 (3d Cir. 1987).  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  See Rose, 455 U.S. at 519; Castille v. Peoples, 489 U.S. 346, 349 (1989).

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in post-conviction proceedings.  See Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); see also O'Sullivan v. Boerckel, 526 U.S. 838 (1999)("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented").  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied.  See Picard, 404 U.S. at 275; Castille, 489 U.S. at 350.  The petitioner generally bears

the burden to prove all facts establishing exhaustion.  See Toulson, 987 F.2d at 987.  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition.  See Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same.  See id. at 277.  Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  See 28 U.S.C. § 2254(c).

In the case at bar, Petitioner's Sixth Amendment claim, i.e., the sole claim raised in his instant Petition, appear to be wholly unexhausted in the state courts, since Petitioner either failed to seek direct appeal (or collateral review) altogether, or sought such review solely with respect to Petitioner's Fifth, Eighth and Thirteenth Amendments rights.  Therefore, Petitioner's instant Petition is wholly unexhausted and should be dismissed.

### B.   Timeliness Requirement

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. §

2244(d)(1).  A state-court criminal judgment becomes "final" within the meaning of §2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.  "If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired." Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).  Therefore, Petitioner's conviction became final either when his time to appeal to the Superior Court of New Jersey, Appellate Division, expired (in the event if Petitioner failed to file a direct appeal) or, if a direct appeal was actually taken and duly brought to the attention of the Supreme Court of New Jersey, 90 days after Petitioner was denied certification.  Since September 2, 1981, is the date of the latest denial of certification to Petitioner by the Supreme Court of New Jersey, Petitioner's conviction became final no later than 90 days after September 2, 1981, i.e., on or before December 1, 1980 (that is, almost twenty-seven years prior to Petitioner's filing of his instant Petition).

The statute of limitations under § 2244(d) is subject to tolling exception(s), that is, statutory tolling and, perhaps, equitable tolling.[2]  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires statutory tolling for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

For the purposes of Petitioner's challenges, Petitioner's statute of limitations expired on April 23, 1997.[3]  Petitioner's 1-year period of limitation was not statutorily tolled by his application, if any, for post-conviction review, since such review could have occurred only after the period of limitations expired.  See Long v. Wilson, 393 F.3d 390, 394-95 (3d Cir. 2004); Schlueter v. Varner, 384 F.3d 69, 78-79 (3d Cir. 2004).

---

[2] Pace v. DiGuglielmo, 125 S. Ct. 1807, 1814, n.8 (2005) ("We have never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations").

[3] Although the AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1), Petitioner's one-year limitations period began on April 24, 1996 because his conviction became final prior to April 24, 1996, the effective date of the AEDPA.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).  Absent statutory or equitable tolling, the limitations period expired on April 23, 1997.  See id.

Presuming that the AEDPA statute of limitations is subject to equitable tolling, see Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 618 (3d Cir. 1998), "a litigant seeking equitable tolling [would] bear[] the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005). The Third Circuit instructs that equitable tolling could be appropriate only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005). Mere excusable neglect is not sufficient.[4] See id.; see also Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely

---

[4] A claim of "ineffective assistance of counsel" does not provide a basis for equitable tolling. See Pace, 125 S. Ct. at 1814, n.9 (dismissing the "ineffective assistance of counsel" excuse offered by the petitioner who asserted "that he received ineffective assistance of counsel at 'all levels of representation'" ).

9

asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim.  See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Moreover, even where extraordinary circumstances do exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Since Petitioner's Petition, as it stands now, is silent as to any circumstances that might prompt this Court to consider equitable tolling, Petitioner's Petition supplies this Court with no reason for equitable tolling cognizable under the 28 U.S.C. § 2244(d)(2) for the purposes of the period running from April 23, 1997 (that is, the date of expiration of Petitioner's period of limitations), to September 24, 2007 (that is, the date of Petitioner's filing of the instant Petition).

## C. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be

taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

**CONCLUSION**

Petitioner's Petition appears to be both unexhausted and untimely, and will be dismissed.[5]

No certificate of appealability will issue.

An appropriate Order accompanies this Opinion.

s/Freda L. Wolfson
**FREDA L. WOLFSON**
**United States District Judge**

Dated: October 1, 2007

---

[5] Petitioner, however, may have this matter reopen if, within 45 days from the date of entry of the Order accompanying this Opinion, Petitioner files with the Clerk of the court a written response detailing (a) the exhaustion of his current claim, AND (b) grounds for either statutory or equitable tolling rendering Petitioner's application timely.